## Levy v. Nelson.

(Decided January 19, 1926.)

### Appeal from McCracken Circuit Court.

1. Appeal and Error—Pleading—Filing of Amended Pleadings in Discretion of Trial Court—No Reversal, Unless Discretion Abused.—Filing of amended pleadings is in discretion of trial court, and reviewing tribunal will not reverse for refusal to allow an amended pleading to be filed, unless discretion is abused.

2. Pleading—No Abuse of Discretion in Refusal to Allow Amended Pleading on Ground that Defendant's Attorney was Misinformed. —Refusal to allow filing of amended pleading on ground that defendant's attorney was misinformed as to real facts, in that defendant had no interest in transaction, held not an abuse of discretion, in view of Civil Code of Practice, section 134, where original defense was prepared by an attorney under direction of person who knew all the facts, and answer and first amended answer admitted that such person was defendant's agent, and proof upon which amended answer was tendered was inconsistent with other proof in the case.

3. Payment—Judgment Not Against Weight of Evidence in Suit to Recover Overpayment on Mortgage.—In suit to recover overpayment on mortgage on ground of mistake, judgment for plaintiff held, not against weight of evidence.

4. Attorney and Client—Duty of Client to Inform Attorney of Real Facts of Her Case.—It is duty of client to inform her attorney of real facts of her case in preparing pleading.

W. A. BERRY and MOCQUOT & BERRY for appellant.

L. B. ALEXANDER and C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

About January, 1914, R. D. Nelson bought from W. H. Veits a farm in Ballard county and then assumed the payment of a mortgage executed by the owner to Stella Levy for $8,000.00. In April, 1914, he paid $480.00, being one year's interest. In April, 1915, he paid another year's interest. He did not make the annual payments of interest after this, but in December, 1918, he paid the principal with interest. All these payments were made to Herman Friedman as agent for Stella Levy. When the last payment was made Friedman made the amount due larger than Nelson figured it, and Nelson paid on Friedman's figures, Friedman assuring him that if there was a mistake it would be corrected. On February 17, 1919, Nelson brought this action against Stella Levy, alleging that he had paid in this settlement as usury and by mistake $699.00 more than he owed, and sought to recover it. She filed her answer in which she denied the payment of anything to her in excess of her debt with legal interest, and alleged that Friedman was acting for her in making the loan and collecting the money. A year later she filed an amended answer in which she pleaded in substance that Nelson had executed on April 21, 1916, a

note to Herman Friedman for $640.00, and that this debt to Herman Friedman individually was included in the amount which Nelson paid Friedman in the final settlement, and in this amended answer she alleges that all she received was $8,000.00, with 6% interest. At the November term, 1923, she offered to file a second amended answer in which she stated that her original answer and the amended answer theretofore filed were drawn by her attorney, W. A. Berry, in her absence, and that he was misinformed as to the true facts and that the real facts are these:

In April, 1911, one Bridgewater desired to negotiate a loan for $8,000.00 by mortgage and approached Herman Friedman and Joe Leavison seeking to borrow $8,000.00, and they advised him that they could get the $8,000.00 from her. Thereupon Bridgewater prepared a note and mortgage to her, but on getting to Paducah was advised that she would not loan the money but that they could get it from their sister, Mrs. Hannah Levy, and that to prevent the necessity of redrafting the mortgage and note she endorsed the note, which had already been drawn up for $8,000.00 without recourse on her, and it was then delivered to Hannah Levy, who had furnished the money and she had no interest in the transaction.

The court refused to allow the second amended answer to be filed and, the case being heard, entered judgment in favor of the plaintiff Nelson. Stella Levy appeals.

The chief ground for reversal is the refusal of the court to allow the amended answer filed. By section 134 of the Code the court may at any time in furtherance of justice permit a pleading to be amended, but the filing of amended pleadings is in the discretion of the court, and it is a settled rule of this court not to reverse for the refusal of the court to allow an amended pleading to be filed, unless there was an abuse of discretion. Herman Friedman was the half-brother of Joe Leavison. Hannah Levy was his own sister. The original defense was prepared by the attorney under the direction of Herman Friedman, who knew all the facts. Friedman signed the bond of Stella Levy providing that she would perform the judgment of the court, given early in the action. The answer and first amended answer admitted that Friedman was her agent, had made the loan for her and collected the money for her. Not only so, but all the checks given by Nelson were payable to Stella Levy and were

shown to have gone to the credit of Stella Levy in bank. The proof upon which the amended answer was tendered was the deposition of Joe Leavison in which he testifies that he and Friedman were in the same office and that he kept this account for Hannah Levy and kept it in the name of S. B. Levy. But why he should have used such initials for Hannah Levy's money he does not explain. His testimony is so out of keeping with the other proof in the case and the other facts shown that we cannot say that the court abused a sound discretion in refusing to allow the amended answer filed in 1923.

The judgment is not against the weight of the evidence. Nobody's name appears to have been known in this transaction as the lender of this money except Stella Levy. Friedman and Leavison were both residents of Paducah, and no reason is shown why the defense tendered in the last amended answer was not sooner presented. It was the duty of Stella Levy to inform her attorney of the real facts of her case.

Judgment affirmed.